Ryan J. Cooper
**COOPER, LLC – COUNSELORS AT LAW**
1345 Avenue of the Americas - 2nd Floor
New York, NY 10105
212.878.3636
ryan@cooperllc.com

Evan Murphy, *pro hac vice forthcoming*
**Murphy Advocates LLC**
999 18th Street, Suite 3000
Denver, CO 80203
(314) 753-5212
evan@murphyadvocates.com

**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Aaron Cecemski,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>Verizon Communications Inc.,<br><br>　　　　Respondent. | A Civil Action<br><br>24 Civ. 7694 (　) <br><br><br>**PETITION TO COMPEL**<br>**INDIVIDUAL ARBITRATIONS** |

Individual Petitioners, by and through undersigned counsel, for their Petition to Compel Individual Arbitrations against Verizon Communications Inc. ("Respondent" or "Verizon"), allege as follows:

## NATURE OF THE PETITION

1.　Petitioners are 9,980 Verizon Wireless Customers who filed individual arbitrations in the American Arbitration Association (the "AAA") in July of 2022 challenging certain Verizon administrative charges.

2.　Petitioners contend that Verizon has violated the Federal Communications Act, 47 U.S.C. § § 201(b), 207 and 47 § C.F.R. § 64.2401 and related states laws.

3.　For more than two years, Petitioners have attempted to arbitrate their claims with Verizon, but Verizon has successfully refused to arbitrate all but a handful of their claims: First, by invoking a mass arbitration clause that prohibited all but 10 claims from proceeding in arbitration; and Second, by attempting to foreclose each Individual Petitioner's arbitration claim by attempting

to include their claim in a state consent class settlement while Verizon's arbitration agreement expressly prohibits proceeding as a class action.

4. The Verizon Customer Agreement dated April 13, 2018 (the "Agreement") requires that all disputes be arbitrated, and each arbitration must be administered by the AAA or the Better Business Bureau[1]. *See* **Exhibit A** at 5 ("YOU AND VERIZON BOTH AGREE TO RESOLVE DISPUTES ONLY BY ARBITRATION . . . .").

5. Petitioners seek an order compelling Verizon to arbitrate their individual arbitrations pursuant to their Agreement to arbitrate.

## THE PARTIES

6. Petitioners are Aaron Cecemski and 9,979 additional consumers who have maintained a consumer wireless account with Verizon, all of whom are listed on **Exhibit B**.

7. Respondent is a Delaware corporation headquartered at 1095 Avenue of the Americas, New York, NY 10036.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this action pursuant to 9 U.S.C. § 4 and 28 U.S.C. §§ 1331 and 1337 because the underlying controversy involves claims arising under federal law.

9. This Court has personal jurisdiction over Verizon because Verizon is headquartered and has its principal place of business in New York.

10. Venue is proper in this district pursuant to 9 U.S.C. § 4 and 28 U.S.C. § 1391(b) as Verizon is headquartered in New York County.

---

[1] Petitioners' counsel attempted to file the arbitrations with the Better Business Bureau ("BBB"), but BBB refused because Verizon had lost its BBB accreditation.

## BACKGROUND

11. Verizon is a telecommunications company that provides wireless cellular services to consumers.

12. Petitioners are consumers who have maintained a consumer wireless account with Verizon and have been charged administrative charges by Verizon.

13. Each Petitioner signed an Agreement with Verizon that contains an arbitration provision requiring that all disputes be arbitrated with the AAA.

14. Because the agreement in effect at the time the claims were originally filed prohibits class litigation and class arbitration (*See* **Exhibit C** at 6), Petitioners first attempted to resolve their claims in May 2022 by filing individual actions before the AAA, the resolution method Verizon purported to hold open. The claims asserted exclusively state law causes of action, including breach of state unfair and deceptive trade practices acts or substantially similar state statutes, breach of contract, and breach of the covenant of good faith and fair dealing.

15. Although Petitioners' counsel filed claims on behalf of all Petitioners, the AAA would only adjudicate 10 bellwether cases in light of the restrictions in Paragraph (6) of the Agreement (the "Bellwether Provision").[2]

16. On March 3, 2023, an AAA Process Arbitrator in another case relating to the similar claims against Verizon held that the Bellwether Provision was unenforceable in arbitration because it violated the AAA due process rules.

---

[2] Petitioners originally filed their arbitrations under the iteration of Verizon's arbitration agreement when the claims were filed. That arbitration agreement is attached as **Exhibit C**. As discussed *infra,* Petitioners subsequently refiled their arbitration claims under a prior iteration of Verizon's arbitration agreement that did not contain the mass arbitration restriction.

17. Petitioners then asked the AAA to follow that ruling and allow all of their claims to be filed immediately and proceed simultaneously. The AAA rejected Petitioners' request on the ground that a process arbitration decision in the other case could not apply to Petitioners' arbitrations.

18. Petitioners then re-filed some of the non-bellwether claims, submitting a separate claim for arbitration for each illegal fee charged and only for months that predated Verizon's insertion of the Bellwether Provision into the arbitration agreement by using the arbitration agreement in effect when those claims accrued. *See* **Exhibit A**. The AAA responded by representing that they would administer all of the claims under the AAA's rules and requested payment of $3.76 million in filing fees, which Petitioners' counsel forwarded to the AAA.

19. Verizon, however, disputed that filing on various grounds, leading the AAA to reject the filing fees and appoint a process arbitrator to determine the appropriate administrative procedures the AAA should apply to the arbitration matters.

20. There can be no dispute that the claims between Petitioners and Verizon are referable to arbitration. Petitioners and Verizon agree that there is a written arbitration agreement between them[3] and that the claims giving rise to the action here (and already pending in Petitioners' arbitrations) are referable to arbitration pursuant to that written agreement. Indeed, Verizon has repeatedly represented to courts and arbitrators that Petitioners' claims are arbitrable. See *Cellco P'Ship d/b/a Verizon Wireless v. Holschen*, No. 4:23-cv-00823 (E.D. Mo. June 26, 2023), at 11 (Verizon petition to compel individual arbitration and for declaratory judgment arguing that the Arbitration Agreement "unequivocally" prohibits any form of class proceeding); *Cellco P'Ship d/b/a Verizon Wireless v. Lasher*, No. 8:23-cv-01242 (M.D. Fla. June 2, 2023), at 13 (same); see

---

[3] For purposes of Petitioners' arbitrations, the applicable arbitration agreement is **Exhibit A**.

also *Achey v. Cellco Partnership*, 475 N.J. Super. 446, 293 A.3d 551, 553 (N.J. App. Div. 2023) (Verizon "moved to compel arbitration and stay the proceedings, relying on the arbitration clause included in the customer agreement signed by each customer"); *MacClelland v. Cellco Partnership*, 609 F. Supp. 3d 1024, 1028 (N.D. Cal. 2022) (Verizon moved to "compel the entirety of the action to arbitration subject to an arbitration agreement that prohibits non-individualized relief").

21. The Agreement further provides for bilateral arbitration in that disputes cannot be pursued as a "class" proceeding.

22. On November 10, 2023, Verizon colluded with a putative plaintiffs' class counsel to bring a consent class action settlement for the purpose of extinguishing Petitioners' arbitration claims outside of arbitration and without prior notice to Petitioners[4] *See Dean Esposito et. al. v. Cellco P'Ship*, No. MID-L-360-23 (N.J. Super. Nov. 10, 2023) ("Esposito").

23. At the time Verizon consented to the *Esposito* class action settlement, both Verizon and the putative class counsel, DeNittis, Osefchen & Prince P.C. ("Class Counsel"), had knowledge of and discussed Petitioner's arbitration claims.[5]

24. Where the bellwether arbitrations resulted in an average recovery of $112.51 per claimant, the *Esposito* class action consent settlement provided claimants with approximately one-tenth of that recovery, or around $12.00 per claimant[6].

---

[4] Both Verizon and Class Counsel knew of Petitioners' pending arbitration claims and purposely included them in their class settlement in order to terminate Petitioners' arbitration rights.

[5] Class Counsel's marketing material boasts that they've settled over 300 class actions – which suggests that they are a go-to firm for corporations seeking a settlement partner for consent class settlements.

[6] The 10 bellwether cases proceeded with 1 being withdrawn, 1 being dismissed, 6 receiving no award, and 2 settling for an aggregate total of $1,125.08.

5

25. Petitioners sought intervention in *Esposito* to assert their arbitration rights and were denied intervention.

26. As such, Petitioners seek an order from this Court under the Federal Arbitration Act (9 U.S.C. § 4) compelling Respondent to arbitrate Petitioners' individual disputes pursuant to the terms of the Agreement.

27. The Federal Arbitration Act (the "FAA") requires this Court to enforce Verizon's arbitration agreement. The FAA "makes arbitration agreements 'valid, irrevocable and enforceable' as written." *AT&T Mobility LLC v. Concepcion,* 563 U.S. 333 at 344 (2011) (citing FAA § 2).

28. Petitioners have not waived their right to arbitrate. Unless *both* parties *affirmatively waive* their right to arbitrate, the dispute cannot be maintained in a non-arbitral forum. Under the doctrine of waiver, the waiver must be done "clearly, unequivocally, and decisively as waivers are never to be lightly inferred." *See Mooney v. City of New York*, 219 F.3d 123 (2d Cir. 2000) (*citing Tray–Wrap, Inc. v. Six L's Packing Co.*, 984 F.2d 65, 68 (2d Cir. 1993); *see also*, *e.g., In re Pharm. Ben. Managers Antitrust Litig.*, 700 F.3d 109, 117 (3d Cir. 2012) ("'Consistent with the strong preference for arbitration in federal courts, waiver is *not to be lightly inferred.*'") (citations omitted) (emphasis added).

29. The United States Supreme Court has made clear that a party's "contractual and statutory right to arbitrate may not be sacrificed on the altar of efficient class action management." *In re Piper Funds, Inc.*, 71 F.3d 298, 303 (8th Cir. 1995) (*citing Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 220 (1985) (White, J., concurring)). "As the Supreme Court said in Dean Witter," the Eighth Circuit explained, "'the FAA was motivated, first and foremost, by a congressional desire to enforce agreements into which parties had entered, and we must not allow the fortuitous

6

impact of the Act on efficient dispute resolution to overshadow the underlying motivation.'" *Ibid*. (quoting 470 U.S. at 220) (cleaned up).

30. Respondent must be compelled to individual arbitrations because (1) the unambiguous language of the Agreement requires Respondent to arbitrate Petitioners' individual claims; and (2) class waivers are enforceable under *AT&T Mobility LLC v. Concepcion,* 563 U.S. 333 (2011) and its progeny. One party to an arbitration agreement cannot unilaterally waive the other party's right to arbitrate.

## COUNT ONE
### (Compel Arbitration under the Federal Arbitration Act)

31. Petitioner repeats and realleges the foregoing paragraphs as if fully set forth within.

32. Pursuant to the Federal Arbitration Act (9 U.S.C. § 1, et seq.) ("FAA"), Petitioners seek an order from this Court compelling Respondent to arbitrate their disputes individually pursuant to the terms of the Agreement.

33. One of the primary purposes of the FAA is to ensure the enforcement of private arbitration agreements according to their terms. The FAA "makes arbitration agreements 'valid, irrevocable and enforceable' as written." *Concepcion*, 563 U.S. at 344 (citing FAA § 2).

34. FAA Section 4 "requires courts to compel arbitration in accordance with the terms of the agreement." *Concepcion* at 344.

35. Class waivers are enforceable under *Concepcion,* 563 U.S. 333, and its progeny.

36. A party to an arbitration agreement, such as each Petitioner, cannot be subjected to class settlement absent the express waiver of both parties. *See Concepcion,* 563 U.S. 333.

37. The Agreement between Verizon and Respondent requires disputes to be resolved individually "in arbitration or small claims court." Ex. A at 3.

38. The Agreement falls under Chapter 1 of the FAA. *See* 9 U.S.C. § 2.

39. The Agreement explicitly states that "THE FEDERAL ARBITRATION ACT APPLIES TO THE AGREEMENT." *Id* at 5.

40. The Agreement unequivocally states that "This Agreement Doesn't Allow Class" proceedings. *Ibid*. Despite the class waiver, Verizon continues to insist that Petitioners' ongoing arbitration claims have been released through a class settlement mechanism that Petitioners didn't participate in.

41. Despite this unambiguous provision, Respondent has attempted to vitiate Petitioners' right to arbitrate by consenting to a class action settlement where the only class members waiving their right to arbitrate were the very few class representatives.

42. As such, and consistent with FAA §§ 2, 4, and controlling precedent, Respondent must be compelled to individual arbitration pursuant to the terms of the Agreement.

## PRAYER FOR RELIEF

WHEREFORE, for the reasons stated herein, Petitioners respectfully request that this Court enter an order:

a. Enforcing the Petitioners' Agreements, including compelling Respondent to arbitrate each Petitioner's individual claims per the express terms of the Agreement.

b. Granting such other and further relief as may be just and proper.

Respectfully submitted,

/s/ Evan Murphy                                  /s/Ryan J. Cooper
**Murphy Advocates LLC**                         Ryan J. Cooper
Evan Murphy, *pro hac vice to be filed*          **COOPER, LLC – COUNSELORS AT LAW**
Co. Bar No. 35563                                1345 Avenue of the Americas - 2nd Floor
999 18th Street, Suite 3000                      New York, NY 10105
Denver, CO 80203                                 212.878.3636
(314) 753-5212                                   ryan@cooperllc.com
evan@murphyadvocates.com